UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
LOUIS ROBERTS,                                               Docket No: 20-CV-9694

                Plaintiff,                               **_VERIFIED COMPLAINT_**
  - against -

JUSTIN GITELIS and MICHAEL GITELIS,

                Defendants.
-------------------------------------------------------------------------X

      Plaintiff, LOUIS ROBERTS, ("Plaintiff"), by its attorneys, BENJAMIN HART, P.C., as and for his Verified Complaint against the Defendants, alleges as follows:

### PRELIMINARY STATEMENT

      This action is brought by LOUIS ROBERTS for actual and compensatory damages against Defendants for the theft of $150,000 by wire transfers from plaintiff's bank account.

### PARTIES

      1.    Plaintiff LOUIS ROBERTS, is an individual over the age of eighteen who maintains an office in Manhattan, New York.

      2.    On information and belief, Defendant JUSTIN GITELIS is the son of MICHAEL GITELIS and is over the age of eighteen who maintains a residence in Lake County, Illinois.

      3.    On information and belief, Defendant MICHAEL GITELIS is over the age of eighteen who maintains a residence in Lake County, Illinois.

### STATEMENT OF FACTS

      4.    For the year preceding October 6, 2020. Plaintiff and Defendant JUSTIN GITELIS ("JUSTIN"), engaged in employment in the area of social media consulting. Namely, Plaintiff paid JUSTIN for certain expert work in this area.

5. On October 6, 2020, JUSTIN asked Plaintiff for a loan of $50,000. Plaintiff initially agreed in principal to a potential loan in that amount, but ultimately did not agree. Upon information and belief, Plaintiff did not provide his bank account information to JUSTIN. On that date, and unbeknownst to Plaintiff as to the method by which he was able to do so, JUSTIN wired $50,000 from Plaintiff's account to himself.

6. Upon information and belief, in their prior business dealings together, JUSTIN was able to gain access and information to Plaintiff's bank account without his knowledge or consent.

7. JUSTIN subsequently asked Plaintiff for a $100,000 loan. At no time did Plaintiff indicate that he would agree to that request.

8. On October 7, 2020, again unbeknownst to Plaintiff as to the method by which he was able to do so, JUSTIN wired another $50,000 from Plaintiff's account to himself.

9. And again on October 8, 2020, Plaintiff logged into his bank account and found another $50,000 wired to JUSTIN. Over those three (3) days, JUSTIN wired a total of $150,000 out of Plaintiff's account to himself without Plaintiff's knowledge or authorization. Of course, Plaintiff then shut down his account.

10. On October 9 and 10, 2020 in certain heated communications by Plaintiff, JUSTIN admitted to the theft of Plaintiff's funds.

11. Upon further information and belief, Defendant MICHAEL GITELIS is the father of Defendant JUSTIN.

12. In prior business dealings together prior to October 6, 2020 and thereafter, Plaintiff came to know that JUSTIN's father was aware of his son's larcenous behavior. Upon information

and belief, MICHAEL had in the past funded his son's business ventures, and had reimbursed other victims of JUSTIN's thievery.

13.   While the full extent of MICHAEL's involvement in JUSTIN's looting of Plaintiff's account is yet unknown, the causes of action below are alleged against MICHAEL as either a co-conspirator or a facilitator of the fraud and conversion of Plaintiff's funds.

## COUNT I
### *Fraudulent Inducement and Concealment*

14.   Plaintiff repeats and realleges each and every allegation above and incorporates same herein.

15.   This Cause of Action is asserted against Defendants for actual, compensatory and punitive damages based upon common law fraud and/or fraud in the inducement and concealment.

16.   The conduct referred to above constitute numerous intentional misrepresentations, concealments and/or omissions of fact by Defendants.

17.   The misstatements, concealments and/or omissions as to stealing of Plaintiff's bank account information and his funds.

18.   Defendant made the above described misrepresentations, concealments and/or omissions of material fact with full knowledge of their falsity and/or with reckless disregard of the truth.

19.   Defendant intended that the Plaintiff rely upon the aforementioned misrepresentations, concealments and/or omissions.

20.   Plaintiff reasonably relied on Defendant's intentional misrepresentations, concealments or omissions.

21.     As a result of the Defendant's conduct, Plaintiff was injured for which he is entitled to recover actual, compensatory and punitive damages.

22.     The above-mentioned acts were committed by Defendant willfully, wantonly and with reckless disregard of the rights of the Plaintiff, for which Plaintiff request punitive damages.

## COUNT II
### *Conversion*

23.     The Plaintiff repeats and realleges each and every allegation above and incorporates same herein.

24.     This Cause of Action is asserted for actual and compensatory and punitive damages based upon common law conversion.

25.     Before Plaintiff's funds were diverted and sent to Defendant(s), Plaintiff had ownership, possession and control over the money.

26.     By wrongfully retaining and refusing to return Plaintiff's funds, Defendant(s) wrongfully exercised the right of ownership over said sum to the exclusion of Plaintiff's rights.

27.     Plaintiff's funds are a specifically identifiable sum of money wrongly withheld by Defendant(s) which is segregated from other monies.

28.     Plaintiff has an immediate superior right of possession to the funds in question.

## COUNT III
### *Unjust Enrichment*

29.     The Plaintiff repeats and realleges each and every allegation above and incorporates same herein.

30.     This Cause of Action is asserted for restitution of Plaintiff's funds based upon common law unjust enrichment.

31. Defendants' illicit wire transfers of funds were converted to the benefit of the Defendants.

32. By unjustly retaining Plaintiff's funds, Defendant(s) were unjustly enriched.

33. Defendant(s) obtained the benefit of Plaintiff's money and did not return said funds, though duly demanded.

### COUNT IV
### *Negligence*

34. The Plaintiff repeats and realleges each and every allegation above and incorporates same herein.

35. Defendants were negligent, careless and reckless in causing the unauthorized receipt and withdrawal of the subject funds to Defendant.

36. Defendants breached their duty of ordinary care to Plaintiff in failing to procure such proper authorizations and/or verification.

37. As a proximate result of Defendants' negligence, Plaintiff was caused to sustain significant money damages.

38. The damages sustained by Plaintiff were occasioned, through and by reason of the carelessness, recklessness, and negligence of the Defendants.

### COUNT V
### *Money Had and Received*

39. Plaintiff repeats and realleges each and every allegation above and incorporates same herein.

40. The Defendants received money rightfully belonging to another.

41. The Defendants benefitted from the receipt of the money.

42. Equity and good conscience dictate that the money should not be kept by the Defendants.

**WHEREFORE**, the Plaintiff demands judgment against the Defendants for actual, compensatory, and statutory damages as follows:

(a) Actual damages in the amount of ONE HUNDRED FIFTY THOUSAND DOLLARS ($150,000),

(b) Compensatory and incidental damages in such amount to be determined at trial;

(c) Punitive Damages to be determined at trial;

(d) Interest, costs, disbursements and attorneys' fees pursuant to statute;

(e) Such other relief as the court may deem just.

Dated: New York, New York
November 18, 2020

                        BENJAMIN ♦ HART, P.C.

*Jeffrey Benjamin*

By:    Jeffrey Benjamin, Esq.
Attorneys for Plaintiff
5 Penn Plaza, 23rd Floor
New York, NY 10001
(212) 835-1532