```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
                                                     :
LOUIS ROBERTS                                        :
                                                     :
                              Plaintiff,             :
                                                     :
              -v-                                    :        20-CV-9694 (JMF)
                                                     :
JUSTIN GITELIS, et al.,                              :        ORDER
                                                     :
                              Defendants.            :
                                                     :
---------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

      Plaintiff Louis Roberts brings this action against Defendants Justin Gitelis and Michael Gitelis. Although the original Complaint, filed on November 18, 2020, appeared to invoke this Court's diversity jurisdiction under 28 U.S.C. § 1332, it did not actually state the basis for the Court's subject-matter jurisdiction as required by Rule 8(a)(1) of the Federal Rules of Civil Procedure. Nor did it properly plead the citizenship of the parties. Thus, on November 19, 2020, the Court ordered Roberts to amend his Complaint to cure these deficiencies. *See* ECF No. 6.

      On November 20, 2020, Roberts filed an Amended Complaint in which he invoked the Court's subject-matter jurisdiction pursuant to 28 U.S.C. § 1332. *See* ECF No. 7, ¶ 1. But, apart from a conclusory allegation that "the parties are citizens of different states," *id.*, Roberts has once again failed to properly plead the parties' citizenship, as required to establish this Court's subject-matter jurisdiction. That is, the Amended Complaint merely alleges that Roberts "maintains an office and residence in . . . New York" and that Defendants "reside[] in . . . Illinois." *Id.* ¶¶ 2-4. This is not enough. *See, e.g.*, *Davis v. Cannick*, No. 14-CV-7571 (SJF) (SIL), 2015 WL 1954491, at *2 (E.D.N.Y. Apr. 29, 2015) ("[A] conclusory allegation in the Complaint regarding diversity of citizenship does not extinguish the Court's responsibility to determine, on its own review of the pleadings, whether subject matter jurisdiction exists. For the purpose of diversity jurisdiction, a statement of the parties' residence is insufficient to establish their citizenship." (internal quotation marks and citation omitted)); *see also, e.g.*, *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998) ("For purposes of diversity jurisdiction, a party's citizenship depends on his domicile."); *Canedy v. Liberty Mut. Ins. Co.,* 126 F.3d 100, 103 (2d Cir. 1997) ("[A]llegations of residency alone cannot establish citizenship . . . .").

      In the November 19, 2020 Order, the Court warned Roberts that failure to properly allege subject-matter jurisdiction in the Amended Complaint would result in dismissal. *See* ECF No. 6. Nevertheless, "when the record supports a factual basis for diversity, leave to correct a technical defect is freely given." *Maitland v. Fishbein*, 712 F. App'x 90, 92 (2d Cir. 2018) (summary order). Accordingly, the Court will give Roberts one final chance to properly establish subject-matter jurisdiction. No later than **December 4, 2020**, Roberts shall once again amend his

Complaint to properly allege the *citizenship* of each party to this action.  If, by that date, Roberts does not file an amended complaint actually establishing this Court's subject-matter jurisdiction, the Court will dismiss the case without prejudice and without further notice to any party.

    SO ORDERED.

Dated: November 30, 2020
       New York, New York
                                    JESSE M. FURMAN
                                  United States District Judge